### SAWYER v. BENNETT.

*(Supreme Court, General Term, First Department.　November 18, 1892.)*

1. LIBEL AND SLANDER—PLEADING—DEMURRER.
   An answer in an action for libel, pleading the truth in justification, states new matter which must be affirmatively pleaded, under Code Civil Proc. § 494, and demurrer is the proper remedy, if it is an insufficient defense.

2. SAME—JUSTIFICATION—DEFENSE.
   An answer in libel, pleading the truth in justification, but relating only to parts of the publication, is insufficient.

Appeal from special term, New York county.

Action by Lucius Willard Sawyer against James Gordon Bennett for libel in publishing that "Sawyer, Wallace & Co., the largest commission merchants in New York, have failed for $2,000,000. The failure was caused by three London agents' [plaintiffs'] reckless speculation in lard." The court overruled the demurrer to 3d, 5th, and 8th causes of action, and sustained a demurrer to 2d and 3d defenses, from which ruling defendant appealed. Affirmed.

The opinion of BEACH, J., at special term, on the demurrer to the 3d, 5th, and 8th causes of action, was as follows:

"The defendant's demurrer to the 3d, 5th, and 8th causes of action, because insufficient in statement of fact to constitute a cause of action, must be overruled. The words, in my opinion, are actionable *per se*, as tending to injure the defendant [plaintiff] in his trade, occupation, or business: The case of *Moore* v. *Francis*, 121 N. Y. 199, 23 N. E. Rep. 1127, governs in principle. I cannot add to the opinion of the learned appellate court, so aptly does it cover the case at bar. The allegations of special damage are not needful to a cause of action in this view. They are too indefinite for such purpose, and for that reason may be useless on a trial to aggravate damages. Judgment for plaintiff on demurrer; with costs. Leave to answer on payment of costs."

The opinion of BEACH, J., at special term, in ruling on the second and third defenses of the answer, was as follows:

"The action is for libel. The answer, by its second and third defenses, pleads in justification the truth of certain portions of the articles alleged to be libelous. The plaintiff demurs upon the ground that the defenses are insufficient in law upon the face thereof. It is provided by section 494, Code Civil Proc., that plaintiff may demur to a defense consisting of new matter contained in the answer, on the ground above specified. The objection that the plaintiff has mistaken the remedy cannot be sustained. The plea of truth in defense is new matter, within the statute meaning. The reason is that it is wholly outside and distinct from the alleged cause of action, and must be affirmatively pleaded by the defendant, and so proven upon the trial. I am of opinion, too, that the demurrer is well taken. The justification fails as a complete defense, because it relates but to parts of the publication alleged libelous. It must be so weighed, not being pleaded specifically as a partial defense or in mitigation of damages. *Thompson* v. *Halbert*, 109 N. Y. 329, 16 N. E. Rep. 675. That the justification, as pleaded, is not a complete defense, is hardly debatable. To be so, the justification must be as broad as the charge, and of the very charge attempted to be justified. Townsh. Sland. & L. (3d Ed.) § 212, and cases there cited; *Skinner* v. *Powers*, 1 Wend. 451, *Fero* v. *Ruscoe*, 4 N Y. 162. The averments of verity in the defense will be found, upon examination, limited to specified facts contained in the publication, the libelous character whereof may be seriously questioned. The other charges against the plaintiff are omitted. That the justification falls far short of the charges seems apparent. Judgment ordered for plaintiff on demurrer to answer, with costs. Leave to amend on payment of costs."

For appeal from order denying defendant's motion for a bill of particulars, see 18 N. Y. Supp. 24.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*John Townshend*, for appellant. *Warner & Frayer*, (*Eugene Frayer*, of counsel,) for respondent.

PER CURIAM. The learned judge at special term, in disposing of the question raised by the two sets of demurrers, delivered two opinions covering the contention here urged by the appellant; and as his reasons, in which we agree, are ably and tersely given, it would serve no useful purpose to elaborate thereon. We are of opinion that his disposition thereof was correct, and that the orders appealed from should be affirmed, with costs and disbursements.